# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. ) 4:13CV001900 RWS |
| DANIEL K. STEELE and CHAMPION MANAGEMENT INTERNATIONAL, LLC | ) ) |
| Defendants, | ) ) |
| JUDY D. STEELE | ) ) |
| Relief Defendant. | ) |

## PARTIES' JOINT STATUS MEMORANDUM

Plaintiff, U.S. Commodity Futures Trading Commission ("CFTC"), Defendants Daniel K. Steele ("Steele") and Champion Management International, LLC ("Champion Management") ("Defendants"), and Relief Defendant Judy Steele ("J. Steele" or "Relief Defendant") (collectively, "Parties") file this joint status memorandum pursuant to the Court's Memorandum and Order entered on January 15, 2014. For the reasons explained below, the Parties request a scheduling order that permits limited time for additional settlement negotiations and that sets out a discovery schedule.

1

# I. PROCEDURAL BACKGROUND

On September 25, 2013, Plaintiff filed its Complaint alleging, among other things, that Defendants while acting as unregistered commodity pool operators ("CPO") engaged in certain acts or practices in connection with Defendants' forex trading at MIG Bank that operated as a fraud or deceit upon pool participants in violation of Sections 4*o*(1)(B) and 2(c)(2)(c)(iii)(I) of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 6*o*(1)(B) and 2(c)(2)(c)(iii)(I)(2012) and Commission Regulations ("Regulations") 5.3(a)(2)(i) and (ii), and 4.20(a)(1) and (c), 17 C.F.R. §§ 5.3(a)(2)(i) and (ii), and 4.20(a)(1) and (c)(2013). The Complaint also alleges that J. Steele received funds from the Defendants' unlawful conduct to which she was not entitled.

On October 29, 2013, the Court entered the Parties' consent order of preliminary injunction ("Consent Order"), which provides that until further order of the Court, the Defendants shall be prohibited from, among other things, engaging in certain conduct in violation of the Act and Regulations. The Consent Order also provides that, until further order of the Court, the statutory restraining order entered by the Court on September 25, 2013 ("SRO") shall continue in full force and effect subject to certain modifications expressly enumerated therein. On January 3, 2014, Defendants and Relief Defendant filed their answer in response to the Complaint. On January 15, 2014 the Court granted the Parties' request for additional time to discuss settlement and ordered this joint memorandum to be filed with the Court.

# II. CURRENT STATUS OF CASE

At this time the Parties have received most, but not all, of the requested documents from MIG Bank regarding the Defendants' foreign currency ("forex") trading records. Parties have discussed the prospect of settlement, but the Parties cannot report to the Court that any

agreement in principle has been reached regarding any component of a proposed settlement.[1] Commission staff is waiting for internal approval to propose concrete settlement numbers to Defendants and hopes to receive such approval next week.

The Parties agree that a scheduling order would be appropriate at this point and request that that order direct the Parties: 1) to meet within thirty (30) days pursuant to FRCP 26(f) to prepare a discovery plan; 2) to file with the Court within ten (10) days thereafter a FRCP 26(f) discovery report; and 3) to schedule and direct counsel to attend a Rule 16(b) pretrial conference. In the interim, the Parties represent that they will continue to work in good faith to explore the possibility of settlement. Only if the Parties are successful in finalizing a proposed settlement that the Division would favorably recommend to the Commission for approval, and Defendants indicate their consent to any such proposed settlement by signing a proposed Consent Order, the Parties may ask the Court to stay the discovery schedule to allow the Commission sufficient time to consider the proposed settlement.

### A. **Remarks by Plaintiff CFTC Regarding Status**

Plaintiff CFTC wishes to inform the Court that based on its review of the MIG Bank trading records Commission staff is inclined to recommend that the Commission seek to amend the Complaint to include additional charges related to Defendants' trading. Commission staff is drafting the amended complaint and will need to seek formal authority from the CFTC Commissioners to make this change. Approval from the Commission can take 30-60 days, depending upon the nature and character of other matters pending before the Commission. Therefore, Plaintiff will be proposing, as part of any discovery plan and proposed scheduling

---

[1] Only the Commission itself, acting as a deliberative body, has the authority to accept any proposed settlement terms before it could be submitted to the Court for approval. The Division of Enforcement ("Division") staff, however, can propose terms to the Defendants that the Division would recommend favorably to the Commission.

order for adoption by the Court, to provide the Commission with sufficient time to file an amended complaint.

### B. Remarks by Defendants Regarding Status

Defendants are in receipt of the Court's Memorandum and Order filed March 14, 2014 concerning Defendants' counsel's Motion for Leave to Withdraw. Defendants' counsel is awaiting confirmation that Defendants will appear for the hearing on March 26, 2014 at 1:00 p.m. When filing the Motion to Withdraw, Defendant's counsel was mindful of the fact that Plaintiff needed an additional 30-60 days to file its Amended Complaint.

### III. CONCLUSION

The Parties are mindful that the Court will expect and require that this case proceed efficiently towards resolution, either through settlement or litigation. The Parties therefore now ask the Court to direct the Parties to meet within thirty (30) days to conduct an FRCP 26(f) conference, and thereafter to file a FRCP 26(f) report to the Court, and thereafter to schedule a Rule 16(b) pretrial conference for the Court to consider the Parties' report, and to enter a scheduling order.

Respectfully submitted,
/s/ Eugene Smith_____
Eugene Smith (esmith@cftc.gov)
Eastern District of Missouri Bar #73058MD
Peter M. Haas (phaas@cftc.gov)
Eastern District of Missouri Bar #358333DC
Division of Enforcement
Commodity Futures Trading Commission
Three Lafayette Centre, 1155 21st Street, N.W.
Washington, D.C. 20581
(202) 418-5371 (Smith)
(202) 418-5371 (Haas)
(202) 418-5124 facsimile
ATTORNEYS FOR PLAINTIFF
U.S. COMMODITY
FUTURES TRADING COMMISSION

/s/David B. Cosgrove
David B. Cosgrove MO Bar # 40980
8021 Forsyth Blvd.
St. Louis, Missouri 63105
Telephone: (314) 563-2490
Facsimile: (314) 968-7371
E-mail: dcosgrove@cosgrovelawllc.com
*Attorneys for Defendants*

Dated: March 14, 2014

## **CERTIFICATION OF SERVICE**

I hereby certify that on March 14, 2014, I electronically filed the foregoing document with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record listed below:

David B. Cosgrove, Esq.
8021 Forsyth Blvd.
St. Louis, Missouri 63105
Telephone: (314) 563-2490
Facsimile: (314) 968-7371
E-mail: dcosgrove@cosgrovelawllc.com
*Attorneys for Defendants*

By: /s/ Eugene Smith
Eugene Smith